UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

| | | |
|---|---|---|
| HELEN BARTON, | ) | No. CV 05-01440-SH |
| Plaintiff, | ) | |
| | ) | MEMORANDUM OPINION AND ORDER |
| v. | ) | |
| JO ANNE B. BARNHART, Commissioner of Social Security, | ) | |
| Defendant. | ) | |

    This matter is before the Court for review of the decision by the Commissioner of Social Security denying plaintiff's application for Supplemental Security Income under Title XVI of the Social Security Act. Pursuant to 28 U.S.C. § 636(c), the parties have consented that the case may be handled by the undersigned. The action arises under 42 U.S.C. § 405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner. The plaintiff and the defendant have filed their pleadings, the defendant has filed the certified transcript of record, and the parties have filed a joint stipulation. After reviewing the matter, the Court concludes that the decision of the Commissioner should be reversed and remanded.

    On April 29, 2002, plaintiff Helen Barton filed an application for Supplemental Security Income alleging an inability to work since January 31, 2001, due to heart

problems, asthma, a back problem, migraines, panic attacks, high blood pressure, depression, and seizures. (Administrative Record ["AR"] 22-23, 85-86, 90). On May 5, 2003, an Administrative Law Judge ("ALJ") determined that plaintiff was not disabled within the meaning of the Social Security Act. (AR 22-31).

Plaintiff makes two challenges to the ALJ's determination. Plaintiff alleges that the ALJ erred (1) in posing a hypothetical to the vocational expert that does not include all of plaintiff's limitations; and (2) in finding that plaintiff could perform a significant number of jobs in the "national economy," which was improperly defined as the United States.

For the reasons discussed below, the Court finds that plaintiff's first claim of error has merit. Since the matter is remanded for further proceedings based on plaintiff's first claim of error, the Court will not address plaintiff's second claim of error.

**ISSUE NO. 1:**

Plaintiff asserts that the ALJ erred in failing to pose a hypothetical question which included plaintiff's limitations of moderate difficulties in concentrating and persisting in completing tasks. Defendant argues that the ALJ's hypothetical question to the vocational expert, which was consistent with the examination report of the examining physician, was proper. Defendant further argues that the ALJ was not required to include plaintiff's limitations in the hypothetical question to the vocational expert, because the ALJ's finding about plaintiff's residual functioning capacity incorporated plaintiff's limitations.

The assumptions contained in an ALJ's hypothetical to a vocational expert must be supported by the record; otherwise, the opinion of the vocational expert that the claimant has residual working capacity has no evidentiary value. Embrey v. Bowen, 849 F.2d 418, 422 (9th Cir. 1988). Hypothetical questions posed to the vocational expert must set out all the limitations and restrictions of the claimant. Flores v. Shalala, 49 F.3d 562, 570-71

(9th Cir. 1995); Embrey v. Bowen, supra.  The hypothetical question must be accurate, detailed and supported by the medical record.  Gamer v. Secretary of Health & Human Servs., 815 F.2d 1275, 1279-80 (9th Cir. 1987); Jones v. Heckler, 760 F.2d 993, 998 (9th Cir. 1985); Gallant v. Heckler, 753 F.2d 1450, 1456 (9th Cir. 1984).  A vocational expert's response to a hypothetical constitutes substantial evidence only if it is reliable in light of the medical evidence.  Embrey v. Bowen, supra.

An improper hypothetical question cannot serve as substantial evidence to support the ALJ's findings.  Gallant v. Heckler, supra.

Here, even though the examining psychiatrist (Dr. Barry Edelman) found that plaintiff "would be able to maintain concentration at work" and "would be able to maintain adequate pace at work from a psychiatric perspective" (AR 193), the ALJ additionally concluded that plaintiff "has moderate limitations in maintaining concentration, persistence, or pace."  (AR 26).  The ALJ's conclusion about plaintiff's limitations was based on information contained in Dr. Edelman's report as well as on information contained in questionnaires prepared by plaintiff and plaintiff's step-mother.  (Id.).  While the ALJ found that plaintiff was not credible as to her allegations about her emotional condition's affect on her ability to perform work (AR 29, 31), the ALJ apparently found plaintiff credible as to her allegations concerning her problems with concentration, persistence or pace.

The ALJ's hypothetical question to the vocational expert did not include plaintiff's concentration, persistence or pace limitations.  (AR 62-64).  Those limitations were not included in the hypothetical question to the vocational expert during cross-examination.  (AR 64-67).  Since the ALJ failed to ask a complete hypothetical question to the vocational expert, the ALJ erred in relying on the vocational expert's testimony in making a determination as to plaintiff's residual functioning capacity.  See Newton v. Chater, 92 F.3d 688, 695 (8th Cir. 1996)(holding that, where the hypothetical question to the vocational expert did not include information that the claimant often had deficiencies

of concentration, persistence, or pace, the Commissioner's decision was not supported by substantial evidence).

The Court rejects respondent's arguments, which appear to be premised on the ALJ's acceptance of Dr. Edelman's conclusions about plaintiff's concentration and pace limitations. As noted above, the ALJ did not accept Dr. Edelman's conclusions in this area. Rather, the ALJ expressly concluded that plaintiff had moderate concentration, persistence or pace limitations.

## **ORDER**

For the foregoing reasons, the decision of the Commissioner is reversed, and the matter is remanded for further proceedings in accordance with the decision, pursuant to Sentence 4 of 42 U.S.C. § 405(g).

DATED: <u>January 4, 2006</u>

                                        /s/
                            STEPHEN J. HILLMAN
                UNITED STATES MAGISTRATE JUDGE